1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SEYFARTH SHAW LLP
Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
Elizabeth M. Levy (SBN 268926)
elevy@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
PACTIV LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA ALLENDE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PACTIV LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.   2:19-cv-1495<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>**[STATE COURT CASE NO. 19-NW-CV-00052]**<br><br>Complaint Filed:     January 17, 2019 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that Defendant Pactiv LLC ("Defendant" or "Pactiv") hereby files this Notice of Removal pursuant to 28 U.S.C. Sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California and states that removal is proper for the following reasons:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    BACKGROUND

1.    On **January 17, 2019**, Juana Allende ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of Los Angeles, entitled, "*Juana Allende vs. Pactiv LLC and DOES 1 through 10, inclusive*" designated as Case No.  19-NW-CV-00052 (the "State Court Action").  The Complaint alleges seven causes of action: "(1) Discrimination in Violation of Gov. Code §§12940 *et seq.*; (2) Harassment in Violation of Gov. Code §§12940 *et seq*, (3) Retaliation in Violation of Gov. Code §§12940 *et seq*, (4) Failure to Prevent Discrimination, Harassment and Retaliation in Violation of Gov. Code §12940(k), (5) Declaratory Judgment (6) Wrongful Termination in Violation of Public Policy and (7) Failure to Permit Inspection of Personnel and Payroll Records.

2.    On **January 29, 2019**, Defendant was served with the Complaint.  A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Notice of Case Assignment, which were served on January 29, 2019, are collectively attached as **Exhibit 1**.

3.    On February 27, 2019, Defendant filed its Answer to Plaintiff's unverified Complaint in the Superior Court of the State of California, County of Los Angeles.  A true and correct copy of Defendant's Answer is attached as **Exhibit 2.**

4.    As discussed in greater detail below, jurisdiction based on diversity of citizenship is proper because Defendant is not a citizen of California and the amount in controversy exceeds $75,000.

## II.    TIMELINESS OF REMOVAL

5.    This Notice of Removal is timely because it is being filed within thirty (30) days of Pactiv's receipt of the Summons and Complaint on January 29, 2019 and within one (1) year of the commencement of this action.  28 U.S.C. § 1446(b).

## III.    PROCEEDINGS IN STATE COURT

6.    Attached Exhibits 1 and 2 constitute all of the pleadings in the Superior Court's record that have been served on Defendant, filed by Defendant, or retrieved from the Court's records prior to the filing of this Notice of Removal.  (Levy Decl., ¶ 3.)

2

55218718v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.   JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP**

7.      The Court has original jurisdiction of this action under 28 U.S.C. Section 1332(a)(1).  As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

**A.    Plaintiff is a Citizen of California**

8.      Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California.  The Complaint alleges: "[Plaintiff] at all times relevant to this action, resided in the County of Los Angeles, State of California." *See* Exhibit 1, Complaint ¶ 2.  Furthermore, Defendant's review of public records for Plaintiff verifies that she has continuously resided in Whittier, California since at least 2011.  (Levy Decl. at ¶ 4, Ex. A).  Plaintiff has utilities registered in her name at her Whittier address, and a public records search does not show any residences outside of California.  *Id.*  In addition, during her employment with Pactiv, Plaintiff informed Pactiv that she resided in Whittier, California.  (Pino Decl. at ¶7).

9.      For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *see also Zavala v. Deutsche Bank Trust Co. Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes.").

10.     Accordingly, Plaintiff is a citizen of the State of California.

55218718v.1

**B.   Defendant Pactiv LLC Is Not A Citizen Of California**

11.   Pactiv is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. § 1332(c)(1).

12.   Pactiv LLC is a limited liability company.  (Pino Decl. ¶ 4).  Therefore, Pactiv's citizenship is the state where any member of the limited liability company is a citizen. *See Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).

13.   Currently, and since the filing of the Complaint,  Pactiv LLC has only had one member: Reynolds Group Holdings, Inc.  (Pino Decl. ¶ 4).  As explained below, Reynolds Group Holdings, Inc., a corporation, is a citizen of Delaware and Illinois.

14.   For diversity purposes, the citizenship of a corporation is "every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  The "principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis, also known as the corporation's "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010) (rejecting all prior tests in favor of "nerve center" test).

15.   Here, Reynolds Group Holdings, Inc. is, and has been, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Lake Forest, Illinois.  (Pino Decl. ¶ 4). From its headquarters in Lake Forest, Illinois, Pactiv conducts executive operations, including but not limited to, those relating to firm-wide policies and procedures, human resources, legal affairs, and general operations of its logistics and distribution business.  *Id.* Many of Pactiv's high-level executives, including the Chief Executive Officer, maintain their offices in Lake Forest, Illinois.  *Id.*

16.   Thus,  Reynolds Holdings Group, Inc. (and Pactiv LLC) are not now, and were not at the time of the filing of the Complaint, a citizen of the state of California.

**C.   Doe Defendants May Be Disregarded**

17.   Pursuant to 28 U.S.C. Section 1441(a), "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of establishing removal jurisdiction

4

1   under 28 U.S.C. section 1332. *See also Fristoe v. Reynolds Metals, Co.*, 615 F. 2d 1209,
2   1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).
3   Thus, the existence of Doe defendants, 1-10, does not deprive this Court of jurisdiction.

4   ### D.   Amount In Controversy

5   18.   While Defendant denies any liability as to Plaintiff's claims, the amount in
6   controversy requirement is satisfied because "it is more likely than not" that the amount
7   exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*,
8   102 F.3d 398, 403-404 (9th Cir. 1996) ("the defendant must provide evidence
9   establishing that it is 'more likely than not' that the amount in controversy exceeds [the
10  threshold] amount.") (internal citation omitted). As explained by the Ninth Circuit, "the
11  amount-in-controversy inquiry in the removal context is not confined to the face of the
12  complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that
13  the Court may consider facts presented in the removal petition). In determining the
14  amount in controversy, the Court must consider the aggregate of general damages, special
15  damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d
16  1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in
17  amount in controversy, regardless of whether such an award is discretionary or
18  mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d
19  489, 491 (9th Cir. 1972).

20  19.   Here, considered together, the general and special damages sought by Plaintiff,
21  along with the attorneys' fees and punitive damages that might be awarded if Plaintiff
22  prevails, establish by a preponderance of the evidence that the amount in controversy
23  exceeds $75,000.

24  20.   ***Plaintiff's Alleged Lost Wages Places Approximately $30,000 In Controversy.***
25  Plaintiff seeks "compensatory damages, including lost wages, earning, commissions,
26  retirement benefits and other employee benefits." (*See* Exhibit 1, Complaint, Prayer for
27  Relief ¶ 1.) Plaintiff alleges she made $12/hour and worked from 6am- 2:30pm. (Ex. 1,
28  Complaint ¶¶ 15-16). Plaintiff alleges her last day of work was November 3, 2018. (Ex.

1, Complaint ¶ 24).  To date, Plaintiff's lost wages claim places $7,680 in controversy (4 months at her alleged previous rate of pay).[1]  Assuming this matter goes to trial one year after its January 2019 filing, and Plaintiff remains unemployed, Plaintiff's alleged lost income alone (exclusive of any benefits or bonuses, and based on conservative estimates) would total approximately $26,880.  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416-17 (9th Cir. 2018) (alleged lost future wages should be considered when determining the amount in controversy because alleged lost future wages are "at stake" in the litigation).

21.    ***The Claims In The Complaint Further Establish The Amount In Controversy.*** Plaintiff's Complaint alleges discrimination, harassment and retaliation (and failure to prevent harassment and discrimination) based on age, race, and engaging in protected activities.  Plaintiff also asserts claims under the Labor Code for an alleged failure to provide access to personnel and payroll records.

22.    Plaintiff seeks compensatory damages (including lost wages and benefits), special and general damages for mental pain, anguish and emotional distress, penalties under Labor Code §§ 226 and 1198.5 (for $750 per alleged violation) for failing to provide employment records.  Plaintiff also seeks prejudgment interest, punitive damages, and attorneys' fees, expert witness fees and costs.  (*See* Exhibit 1, Complaint ¶¶ 39, 52,  65 and 71; and Prayer for Relief).

23.    Should Plaintiff prevail at trial, it is more likely than not that she would recover well over $75,000 in damages.  In recent years, there have been many verdicts in age and race harassment, discrimination, retaliation and wrongful termination cases where the plaintiffs were awarded damages far in excess of $75,000.  *See BEASLEY v. EAST COAST FOODS INC. D/B/A ROSCOE'S HOUSE OF CHICKEN N' WAFFLES*, 2015 WL 5678367 (Los Angeles Sup. Ct.) (awarding $1,661,800 in compensatory damages to plaintiff alleging race harassment, discrimination and wrongful termination); *CRESWELL*

---

[1] These conservative calculations assume that she only worked 40 hours a week, however, time records show that her average workweek was 42.4 hours.  (Pino Decl. ¶ 6).

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

55218718v.1

*v. CITY OF MONTEBELLO*, 2015 WL 4719582 (Los Angeles Sup. Ct.) (awarding $185,151 in compensatory damages unrelated to alleged pain and suffering for plaintiff alleging race discrimination, harassment and retaliation); *Salinda v. DIRECTV Inc.*, 2013 WL 5944203 (Los Angeles Sup. Ct.) (awarding $159,112 for past economic damages, $369,229 for future economic damages (with a total award of $1,178,341) to employee for retaliation, failure to prevent disability discrimination and retaliation, age discrimination and wrongful termination); *Jolly v. City of Long Beach*, 2013 WL 3340512 (Los Angeles Sup. Ct.) ($325,000 awarded to employee alleging disability and age discrimination, retaliation, failure to engage in interactive process, failure to prevent discrimination/harassment, and constructive discharge); *Dickinson v. Allstate Insurance Company*, 2011 WL 4048838 (Orange County Sup. Ct.) (award of $341,322 to employee in action alleging, among other things, age discrimination, harassment, retaliation and wrongful termination)); *GIBBS v. BOEING SATELLITE SYSTEMS INC.*, No. BC 277075, 2004 WL 37745511 (Los Angeles Sup. Ct.) ($700,000 verdict in an action involving race discrimination and wrongful termination).

24.     Plaintiff's allegations that she was harassed, retaliated and discriminated against and wrongfully terminated because of her age and race are similar to the issues in these cases.[2]  Defendant has attached these verdicts as **Exhibit B** to the concurrently filed Declaration of Elizabeth M. Levy for the Court's review.

25.     ***Emotional Distress Damages.***  Plaintiff also claims damages for emotional distress.  (*See* Exhibit 1, Complaint, Prayer for Relief).  A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000.  *See CRESWELL v. CITY OF MONTEBELLO*, 2015 WL 4719582 (Los Angeles Sup. Ct.) (awarding $750,000 for pain and suffering in a race discrimination and harassment suit); *Salinda v. DIRECTV Inc.*, 2013 WL 5944203 (Los

---

[2] To the extent Plaintiff alleges any kind of wrongdoing based on a disability or medical condition, jury verdicts in disability discrimination cases also frequently exceed $75,000. *See, e.g., Jolly v. City of Long Beach,* 2013 WL 3340512 (Los Angeles Sup. Ct.), *supra.*

7

Angeles Sup. Ct.) (awarding $650,000 for noneconomic damages in an age and disability discrimination action); *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $151,333 for emotional distress damages in discrimination case); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action).  Plaintiff's allegations that she was harassed, retaliated and discriminated against and forced to quit because of her race, age (or other protected characteristics) are similar to the issues in these cases.  Defendant has attached these verdicts as **Exhibit C** to the concurrently filed Declaration of Elizabeth M. Levy for the Court's review.

26.    ***Attorneys' Fees And Costs.***  Plaintiff also claims that she is entitled to attorneys' fees and costs.  *See* Exhibit 1, Complaint, Prayer for Relief.  Future attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (in light of the Ninth Circuit's decision in *Chavez*, 888 F.3d 413, *supra*, a court must include future attorneys' fees recoverable by statute or contract when determining whether the amount in controversy has been met).  *See also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

27.    Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act actions.  Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust."  *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005).

28.    Courts often award far in excess of $75,000 in attorneys' fees in cases involving age and race discrimination. *See, e.g., BEASLEY v. EAST COAST FOODS INC. D/B/A*

8

1    *ROSCOE'S HOUSE OF CHICKEN N' WAFFLES*, 2015 WL 5678367 (Los Angeles Sup.

2    Ct.) (awarding $1,514,140 in attorneys' fees in a race discrimination, harassment and

3    wrongful termination suit); *WANG v. REES SCIENTIFIC CORPORATION*, 2014 WL

4    8108412 (San Francisco Sup. Ct.) ($758,148 awarded in attorneys' fees where plaintiff

5    prevailed on race and national origin discrimination claims).  Defendant has attached

6    these verdicts as **Exhibit D** to the concurrently filed Declaration of Elizabeth M. Levy for

7    the Court's review.

8    29.    Defendant anticipates depositions being taken in this case, and that ultimately

9    Defendant will file a Motion for Summary Judgment.  Based on defense counsel's

10   experience (and the verdicts listed above), attorneys' fees in employment discrimination

11   cases often exceed $75,000.  In this regard, it is more likely than not that the fees will

12   exceed $75,000 through discovery and a summary judgment hearing, and the fees would

13   certainly exceed $75,000 if the case proceeds to trial.  (Levy Decl., ¶ 8).

14   30.    ***Punitive Damages.***  Finally, the Court must also consider Plaintiff's request for

15   punitive damages in determining the amount in controversy.  *Davenport v. Mutual*

16   *Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages

17   must be taken into account where recoverable under state law); (*see* Exhibit 1, Complaint

18   ¶¶ 37, 50, 63, 69, 90; and Prayer for Relief).

19   31.    Pactiv is a large entity.  The economic resources of the defendant and the amount

20   of compensatory damages are two of three factors courts consider in arriving at punitive

21   damage awards.  *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000).   In

22   *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held

23   that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive

24   damages award …. That does not make its use [in determining the constitutionality of

25   punitive damage awards] unlawful or inappropriate; it simply means that this factor

26   cannot make up for the failure of other factors …." (internal citations omitted).

27   Therefore, the request for punitive damages weighs in favor of establishing the amount in

28   controversy.

55218718v.1

32.     Jury verdicts can far exceed $75,000 in punitive damages in alleged discrimination cases under FEHA.  *See, e.g., SAXTON v. HIP HOP BEVERAGE CORPORATION,* 2018 WL 3361420 (Los Angeles Sup. Ct.) (awarding $750,000 in punitive damages where the plaintiff prevailed on race discrimination claims);[3]  *see also Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in disability discrimination case).

33.     Based upon the allegations contained in Plaintiff's Complaint, Defendant is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court.  Since diversity of citizenship exists between the Plaintiff and Defendant and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1).  This action is therefore a proper one for removal to this Court.

## V.     NO JOINDER REQUIRED

34.     Unnamed, or doe defendants are not required to join in removal.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (doe defendants need not join in removal).

## VI.     VENUE

35.     Venue lies in the Central District of California pursuant to 28 U.S.C. sections 1441(a), 1446(a), and 84(c).  This action originally was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of the State of California, and Plaintiff alleges that she was employed in the County of Los Angeles, California.  (*See* Exhibit 1, Complaint ¶¶ 4, 14).

## VII.     NOTICE OF REMOVAL

36.     Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the State Court Action.

---

[3] Attached as **Exhibit E** to the Levy Declaration.

37.     This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

38.     In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as Exhibits 1 and 2.

## VIII.  **PRAYER FOR REMOVAL**

39.     WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.


DATED: February 28, 2019                    Respectfully submitted,

                                            SEYFARTH SHAW LLP


                                            By: *s/ Elizabeth M. Levy*
                                                Dana L. Peterson
                                                Elizabeth M. Levy
                                                Attorneys for Defendant
                                                PACTIV LLC

55218718v.1